CADES SCHUTTE LLP

MILTON M. YASUNAGA      3058-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4212
Telephone: (808) 521-9200
FAX: (808) 521-9210
Email: myasunaga@cades.com

Attorneys for Plaintiff
FRANKO MAPS LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANKO MAPS LTD.,<br><br>        Plaintiff,<br><br>    v.<br><br>FRANK NIELSEN; CYNTHIA NIELSEN; GREEN PLANET MAPS, LLC; GALE DEAN LATTMAN doing business as H2O TO GO MAPS; DEREK T. HERMON; BEAR VALLEY BIKES SPEED-EVOLUTION, INC.,<br><br>        Defendants. | CIVIL NO. _____<br><br>COMPLAINT; DEMAND FOR JURY TRIAL; EXHIBITS A-R; SUMMONS |

## **COMPLAINT**

Comes now Plaintiff FRANKO MAPS LTD., and for its causes of action

alleges as follows:

PARTIES

1.      FRANKO MAPS LTD. ("FM") is, and at all times relevant herein was, a corporation organized and existing under the laws of the State of Nevada, having its principal place of business in the City and County of Honolulu, State of Hawaii.

2.      Upon information and belief, Defendant Frank Nielsen ("Nielsen," if unaccompanied by a first name) is, and at all times relevant herein was, a resident of Mount Pleasant, Utah, except was a resident of California during some earlier relevant events.

3.      Upon information and belief, Defendant Cynthia B. Nielsen ("CB") is, and at all times relevant herein was, a resident of Mount Pleasant, Utah, except was a resident of California during some earlier relevant events.

4.      Upon information and belief, Defendant Green Planet Maps, LLC ("Green Planet") is a limited liability company organized and existing under the laws of the State of Nevada, with Frank and Cynthia Nielsen as its managing members, and having its principal place of business where Frank and Cynthia Nielsen reside--formerly California and now Utah.

5.      Upon information and belief, Defendant Gale Dean Lattman, doing business as H2O TO GO MAPS ("Lattman") is, and at all times relevant herein

ImanageDB:3337529.3

was, an individual residing in the State of California, operating his sole proprietorship business with its principal place of business at 2161 Saint Andrews Drive, Rio Vista, California 94571.

6.     Upon information and belief, Defendant Derek T. Hermon is, and at all times relevant herein was, a resident of Big Bear Lake, California.

7.     Upon information and belief, Defendant Bear Valley Bikes Speed-Evolution, Inc., is, and at all times relevant herein was, a corporation organized and existing under the laws of the State of California, having its principal place of business in Big Bear Lake, California.

JURISDICTION

8.     This is an action arising under the trademark and copyright laws of the United States, 15 U.S.C. § 1111 et seq. and 17 U.S.C. § 101 et seq.  Jurisdiction over this Complaint is conferred upon this Court by 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a)&(b)(copyright & trademark jurisdiction & related unfair competition), 28 U.S.C. § 1367 (supplemental/pendent jurisdiction), and the Court's general pendent jurisdiction.  Nationwide injunctive relief is authorized by 15 U.S.C. § 1116(a) and 17 U.S.C. § 502(a).  Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to these claims occurred in this district, and/or a substantial part of the property that is the subject matter of the action is situated in this district.  The Court has personal

jurisdiction over Defendants because Hawaii's long-arm statute extends

jurisdiction over a defendant to the fullest extent permitted by the Due Process

Clause of the Fourteenth Amendment and Defendants have purposefully availed

themselves of the opportunity to conduct commercial activities in this forum and

this Complaint arises out of those activities.  Defendant Frank Nielsen's entering

into the settlement agreement and consent judgment and injunction in Hawaii and

then breaching them with the knowing assistance, aid, abetment and conspiracy of

his wife Cynthia Nielsen, and on information and belief, Lattman's and Hermon's

awareness of that settlement agreement and consent judgment and injunction when

they acted, provides personal jurisdiction over Frank and Cynthia Nielsen,

Lattman, and Hermon, and the personal/family businesses they owned and

controlled: Green Planet Maps, LLC, and Bear Valley Bikes Speed-Evolution, Inc.

Also, Defendants' making, ordering, purchasing, displaying, using, offering for

sale, and/or selling of products that infringed Plaintiff's copyrights and trademark

were intentional acts expressly aimed at the forum state causing harm that the

Defendants knew was likely to be suffered in the forum state because Defendants

had notice that the items infringed Plaintiff's copyrights and/or trademark and that

Plaintiff resides in Hawaii, Defendants willfully and intentionally infringed

copyrights and a trademark held by Plaintiff (i.e., had actual or constructive

knowledge that they were infringing Plaintiff's copyright and trademark or acted in

reckless disregard of the high probability that they were infringing Plaintiff's

copyright and trademark) and Defendants had notice that the impact of its willful

infringement would be felt in Hawaii, Defendants have purposefully directed its

wrongful activities at Plaintiff while having notice that Plaintiff resides in Hawaii,

Defendants availed themselves of the opportunity to conduct commercial activities

in this forum, and this Complaint arises out of or relates to the above activities

(relevant to jurisdiction under the *Washington Shoe* doctrine). Such activities

constituted trademark and copyright infringement or contributory or vicarious

infringement and/or breach of contract. There is also personal jurisdiction over

Defendants via the stream of commerce doctrine, the <u>Calder</u> effects test (e.g.,

Lattman's defamatory statements about Plaintiff were expected to cause harm in

Hawaii because Lattman knew Plaintiff resided in Hawaii, and so would be harmed

there), and general jurisdiction. Defendants had notice of Plaintiff's trademark and

copyrights and Plaintiff's ownership and rights therein and of Plaintiff's residence

because the trademark and copyrights were and are federally registered, because of

the prior litigation and settlement, because Frank Nielsen used to work for

Plaintiff, because of Plaintiff's widespread and long-standing sales of its products

involving its trademark and copyright, including to Defendants Lattman and

Hermon and their businesses, each with notices warning of Plaintiff's trademark

and copyright rights, and longstanding and widely seen in the industry display of

ImanageDB:3337529.3

those products and warnings at trade shows, on its website, and in its catalogs.

Defendants also had sufficient contacts with Hawaii through their frequent and

regular business activities involving Hawaii and the FM intellectual property in

question, such as through years of purchasing FM's copyrighted and trademarked

products (and sending payments to Hawaii) before Defendants started making,

displaying, and selling their own infringing versions.  The exercise of jurisdiction

here comports with fair play and substantial justice, i.e., is reasonable.

STATEMENT OF FACTS

**LATTMAN, NIELSEN, GREEN PLANET**

9.      Beginning on or about 1/21/2005, Lattman began purchasing maps

created by FM as wholesale distributor. Lattman purchased at distributor prices

and sold at wholesale to retail stores at wholesale prices.

10.     In 2005, FM created Franko's California Delta Adventure Guide

("Delta Map") and Franko's California Delta Fish Identification Guide (Delta Fish

Card"). These two products were first sold to Lattman in bulk at distributor prices

on July 31, 2005.  Notice of copyright was printed on the products.

11.     Additional bulk distributor priced shipments of Delta Maps and Delta

Fish Cards were sold to Lattman on December 31, 2006, April 7, 2011, July 13,

2011, November 14, 2011, February 28, 2012, May 22, 2012, June 6, 2012 and

June 10, 2012. A list of these invoices and the products sold are attached as Exhibit

A.

12.     For the years 2007 to early 2011, all FM sales to Lattman were made

through a subsidiary of FM called Franko Maps LLC. Bulk distributor priced

shipments were sold to Lattman through Franko Maps LLC on August 10, 2007,

November 24, 2008, December 24, 2008, December 30, 2008, April 6, 2009, July

27, 2009, September 12, 2009, November 16, 2009, January 14, 2010, March 29,

2010, and April 14, 2011. A list of these invoices and the products sold through

Franko Maps LLC are attached as Exhibit B.

13.     It was verbally agreed in or about July of 2005 that Lattman would be

FM's wholesale distributor for the California Delta area. Inquiries to FM from

retail store customers in the California Delta area were routinely turned over to

Lattman as the FM distributor.

14.     Lattman insisted on dealing with FM only through Frank Nielsen,

who at that time worked for and was part owner of FM. Lattman gave proof of this

fact to FM in an FM initiated collection suit against Lattman in his trial brief and in

his Request for Admissions. See Exhibit C -- the Trial Brief, under item" II.

Witnesses" that states in part "Defendant Dean Lattman - Defendant will testify

about his history of dealing with Plaintiff (FM), his business relationship and

exclusive dealings with Frank Nielsen". Also see Exhibit D - Defendant Dean

Lattman's Requests for Admission to Plaintiff: Request for admission No. 1,

ImanageDB:3337529.3

"Admit that Defendant dealt directly with Frank Nielsen.". In order to avoid paying a $13,000.00 balance due to FM, Lattman went bankrupt the week before the FM collection suit was scheduled for trial. Yet he had the money needed to purchase print runs of the infringing Delta Map. This asset was not reported in the bankruptcy documents.

15.     Frank Nielsen, the person at FM who Lattman insisted on dealing exclusively with, was terminated as an employee and officer of FM by the FM Board of Directors for cause on August 27, 2012.

16.     Lattman was informed of the Frank Nielsen termination in an email dated August 28, 2012. The email indicated that all future communication with FM must take place with the current officers and not with Frank Nielsen. The email also informed Lattman that FM was the owner of all company intellectual property. A written letter with substantially the same information was also mailed on or about August 28, 2012. A copy of the email is attached as Exhibit E.

17.     Together with this email and letter was an attachment attached here as Exhibit F. The attachment is a copy of a work for hire agreement signed by Frank Nielsen confirming that FM owned the copyrights to all Franko Map publications, which included the Delta Map and Delta Fish Card. Lattman was informed in the email and the letter and in the attachment that FM was the owner of all IP created to date by Frank Nielsen.

18.     Sometime after his August of 2012 termination, Frank Nielsen created derivative works using unreturned FM owned property including the FM computers, the FM software and the FM Intellectual Property files. Included in this derivative work was a Delta Map infringement titled Famous Franko's California Delta Map and Guide. Lattman distributed this map, and more recently has been distributing a version of this map under his H2O TO GO brand. Photo copies of illustrative portions of the infringing maps are attached as Exhibit G.

19.     Upon information and belief, Lattman is also distributing an infringing copy of the Delta Fish Card that was improperly created by Frank Nielsen using FM's computer, software, and the FM Intellectual Property files.

20.     On December 2, 2013, FM filed an amended complaint against Frank Nielsen and others for copyright infringement and other claims.

21.     FM settled its lawsuit with Frank Nielsen. A settlement agreement and a Consent Judgment and Permanent Injunction were filed with the U.S. District Court for the District of Hawaii, and entered by that court, in March 2014. In these documents, Frank Nielsen admitted to copyright infringement, and agreed, and was ordered, to infringe no further, not to make derivatives, and even not to make or offer any future products concerning the same locations, subject matters, or titles as FM's copyrighted products.  Lattman was not released in the Settlement.  The Settlement Agreement and Consent Judgment are attached as Exhibit H.

ImanageDB:3337529.3

22.     FM registered its copyrights at the U. S. Copyright office for the Delta

Map on August 6, 2013.  The registration number for the Delta Map is

VA0001899229.  FM registered its copyrights at the U. S. Copyright office for the

Delta Fish Card on August 12, 2013.  The registration number for the Delta Fish

Card is VA 0001898361. Exhibit I contains copies of the copyright registration

information from the U.S. government's website and illustrative portions of

examples of the copyrighted FM Delta Map and the entire front and back of the

FM Delta Fish Card.  Exhibit J consists of examples of portions of FM's Delta

Map compared with the corresponding portions of Lattman's infringing Delta Map,

which comparisons make obvious the wrongful copying that occurred.

23.     Defendant Lattman has willfully engaged in a course of conduct that

infringes upon FM's copyright rights by creating, displaying, offering, and/or

selling derivative works and/or substantially similar copies of FM's intellectual

property, without the consent or authorization of FM, and displaying, offering for

sale, and selling such infringing items.  Defendant Frank Nielsen's involvement,

upon information and belief, included working on the design of the infringing

products using FM's computer and software that he retained from his time working

for FM.  Some of these infringing items bore FM's name, some bore the name

"Famous Franko's Maps," some bore the name H20 To Go.  Nielsen and Green

Planet may have helped create the H20 to Go Delta map after they settled with FM,

ImanageDB:3337529.3

and if so, that wrongful activity was not released in the settlement -- infringement

as well as violation of the Injunction and settlement agreement prohibitions against

making or distributing derivatives; making or distributing any products concerning

the same location, subject matter or titles as FM's copyrighted designs; and/or

using FM software, computer or programs -- see next section re Kelp Forest

Creatures for more detail about these prohibitions.  It is expected that additional

infringing items will be found in discovery, and all of these infringements are

within this complaint.

24.     As a result of the above infringing activity, FM has suffered and

stands to suffer significant monetary damages. These damages include, but are not

limited to, the loss of profits from business lost to those infringing products and

FM's loss of goodwill, trust and reputation in the relevant business community.

25.     The maps and fish cards of Defendant Lattman which use the name

"Famous Franko's Maps" also infringe Plaintiff's "Franko's Maps" trademark.

Furthermore, the H20 to Go map falsely claims that "Dean Lattman H20 to Go"

owns the copyright to that map and falsely states "Fabulous Maps of the California

Delta Since 2002.  Compiled by H20 Maps to Go" whereas FM was the designer

and creator of the copyrighted design for those maps, H20 to Go did not compile or

create them from 2002 and did not compile or create any Delta maps, and it was

instead Frank Nielsen who wrongly created the H20 to Go map by improperly

using FM's copyrighted design, which is a false representation under the Lanham Act and common law.  The Lattman H20 to Go maps also misleadingly state Green Planet's ISBN prefix of 978 1 939699, for which Lattman, Nielsen, and Green Planet are responsible.  The use of the Green Planet ISBN prefix is not only a misleading statement but proves that Nielsen and Green Planet created this Delta map for Lattman.  Lattman has represented that FM is a fraud and does not own the copyrights to the maps, and that Lattman is "the real Franko", which is misrepresentation and defamation.

## NIELSEN, CB, GREEN PLANET & KELP FOREST CREATURES FISH CARD

26.     Frank Nielsen, CB and Green Planet infringed FM's copyrights and breached and violated the abovementioned settlement agreement and Consent Judgment and Permanent Injunction by, after the March 13, 2014 settlement, selling a "Green Planet Maps" "Kelp Forest Creatures of California" fish card that infringes and is a prohibited derivative of FM's California Kelp Forest Creatures fish card 2005 copyright VA0001898921, which was prohibited under the settlement agreement (¶4) and Consent Judgment and Permanent Injunction (¶2), Exhibit H.  Exhibit K is a photocopy of that Green Planet infringing Kelp Forest Creatures fish card.  Copies of FM's California Kelp Forest Creatures fish card and its copyright registration information for that design from the U.S. Copyright Office's website are Exhibit L.  Exhibit M consists of examples of portions of

ImanageDB:3337529.3

FM's Kelp Forest Creatures fish card compared with the corresponding portions of the Green Planet Kelp Forest Creatures fish card, which comparisons make obvious the wrongful copying that occurred.  Exhibit N is a copy of customer Catalina Scuba Luv Inc.'s payment check, dated May 7, 2014, the day Frank Nielsen delivered the products to that customer, with the check being made out to Cynthia Nielsen, as Frank Nielsen's representative, aider and abettor and co-conspirator to try to hide the fact that Nielsen and Green Planet were violating the settlement agreement and Consent Judgment and Permanent Injunction.  The above sale to Catalina Scuba Luv Inc. is an example of such improper activity, and other improper post-settlement sales may have occurred.  (Exhibit N consists of the relevant portions of an account statement page provided by Catalina Scuba Luv Inc., and account numbers and other checks on that statement page were left out of Exhibit N to preserve privacy.)

27.    Not only did the settlement agreement and Consent Judgment and Permanent Injunction prohibit future sales or other infringement and creation and distribution of derivatives, and making or distributing any derivatives, they also order Nielsen and his businesses (including Green Planet) and any affiliates, agents or anyone acting in concert or participation with them (which includes Cynthia Nielsen) not to make, have made, display, offer, distribute or sell any map or card dealing with **any** of the locations, subject matters, or titles of any of the FM

copyrighted maps and cards -- see Subpart (a) of ¶2 of Consent Judgment and

Permanent Injunction (and the similarly stated subpart (a) of ¶4 of settlement

agreement--both documents in Exhibit H), which requires Nielsen, Cynthia Nielsen

and Green Planet not to:

> *(a) Make, have made, display, distribute, offer or sell any maps, cards, guides or other products depicting or dealing with any of the destinations, geographic locations, subject matters, and or titles of any of the Franko Maps Ltd. Designs (as that term is defined in the Settlement Agreement) or the Asserted Designs (as set out in the Settlement Agreement, "Asserted Designs" means the works and designs listed as items "1)" through "42)" in Exhibit C of the Second Amended Complaint) or Nielsen Defendants' Inventory (as that term is defined in the Settlement Agreement).*

Thus Nielsen, Cynthia Nielsen, and Green Planet were prohibited by the Court

injunction and settlement from making, having made, displaying, offering,

distributing, or selling **any** map or card dealing with California kelp forest

creatures, regardless of how similar or dissimilar it looked from FM's copyrighted

designs.  Therefore, the distribution of the Green Planet Kelp Forest Creatures Of

California card violated the Injunction and settlement agreement regardless of how

it looked.

28.    Furthermore, the Consent Judgment and Permanent Injunction (in

¶2(j)) and settlement agreement (in ¶4(j)) also order Nielsen, Green Planet and CB

not to "(j) Use, retain, distribute, pass on, or keep from Franko Maps Ltd. any trade

secrets, computer software, computer files, or other property of Franko Maps Ltd;:

-- Nielsen had FM trade secrets, software and files because he kept FM's laptop

computer when he was terminated from FM.  Therefore, the Green Planet Kelp

Forest Creatures of California card was wrongful for the additional reason that it

was obviously made using the FM trade secrets, software and files Nielsen

retained.

29.     As a result of Frank Nielsen's, CB's and Green Planet's infringing

activity, FM has suffered and stands to suffer significant monetary damages. These

damages include, but are not limited to, the loss of profits from business lost to

Nielsen's and Green Planet's infringing products and FM's loss of goodwill, trust

and reputation in the relevant business community.

### NIELSEN, GREEN PLANET, BEAR VALLEY BIKES SPEED-EVOLUTION, HERMON & BIG BEAR MAP

30.     For every year from 2005 through Nielsen's termination in August

2012, Derek Hermon purchased from FM FM's Big Bear trail map (2005 copyright

registration VA0001975995) to distribute at Hermon's store in Big Bear Lake,

California, and on his websites.  Copies of illustrative portions of FM's Big Bear

trail map and its copyright registration information for that design from the U.S.

Copyright Office's website are Exhibit O.  Hermon knew that FM resided in

Hawaii because he paid bills of FM that stated FM's Hawaii address and he sent

checks to FM's Hawaii address.  On information and belief, Hermon knew that FM

claimed the copyrights to FM's Big Bear trail map.

31.     On information and belief, Hermon was informed of the Frank

Nielsen termination from FM because Hermon stopped buying from FM sometime in 2012.

32.     Sometime shortly after his August of 2012 termination, Frank Nielsen and Green Planet created derivative works using unreturned FM owned property including the FM computers, the FM software and the FM Intellectual Property files. Included in this derivative work was a FM Big Bear trail map infringement titled Green Planet Maps Big Bear! & Lake Arrowhead Trail Map.  Nielsen admitted in his settlement and consent judgment with FM that this Green Planet Big Bear map infringed FM's copyrights, and the Permanent Injunction and settlement agreement required him not to make any copies or derivatives of that Green Planet Big Bear map or FM's copyrighted Big Bear design.  Photo copies of illustrative portions of the infringing Green Planet Big Bear map are attached as Exhibit P.  On information and belief, Herman distributed this infringing map that was wrongfully created by Nielsen.  Hermon has not bought FM's Big Bear trail map after Nielsen was terminated in 2012 by FM.  On information and belief, in 2015, Nielsen created an infringing version of FM's Big Bear trail map for Hermon and Hermon's company Bear Valley Bikes Speed-Evolution called "The Definitive Big Bear Trail Map," and Hermon falsely claimed on that map to own the copyrights of that design ("© 2015 Derek Hermon") and misleadingly stated Green Planet's ISBN prefix of 978 1 939699 on that map.  The use of Green

ImanageDB:3337529.3

Planet's ISBN prefix is not only a false statement, but proves Nielsen and Green

Planet created this infringing map for Hermon/Bear Valley Bikes.  Photo copies of

illustrative portions of the Hermon/Bear Valley Bikes infringing Big Bear map are

attached as Exhibit Q.  Exhibit R consists of examples of portions of FM's Big

Bear map compared with the corresponding portions of the Green Planet and

Hermon/Bear Valley Bikes' Big Bear maps, which comparisons make obvious the

wrongful copying that occurred.

      33.     Defendants Nielsen, Green Planet, Hermon, and Bear Valley Bikes

Speed-Evolution have willfully engaged in a course of conduct that infringes upon

FM's copyright rights by creating, displaying, offering, and/or selling derivative

works and/or substantially similar copies of FM's intellectual property, without the

consent or authorization of FM, and displaying, offering for sale, and selling such

infringing items.  Defendant Frank Nielsen's involvement, upon information and

belief, included working on the design of the infringing products (i.e., The

Definitive Bear Trail Map) using FM's computer and FM's Big Bear map design

and printing files (which are FM's intellectual property) that Nielsen wrongfully

retained from his time working for FM.

      34.     Hermon's, Bear Valley Bikes Speed-Evolution's, Nielsen's, and

Green Planet's false claims of Herman's copyright ownership to the Big Bear trail

map and false use of Green Planet's ISBN prefix constitute false advertising under

the Lanham Act, and unfair competition and deceptive trade practices.

35.     Nielsen, CN, and Green Planet were prohibited by the Court injunction and settlement, not just from infringing and making or distributing any derivatives, but also from making, having made, displaying, offering, distributing, or selling **any** map or card dealing with Big Bear or Bear Valley, regardless of how similar or dissimilar it looked from FM's copyrighted designs.  Therefore, the making, ordering the making, displaying, distribution, and or sale of the Green Planet or Hermon/Bear Valley Bikes Big Bear maps violated the Injunction and settlement agreement regardless of how they looked.

36.     Furthermore, the Consent Judgment and Permanent Injunction (in ¶2(j)) and settlement agreement (in ¶4(j)) also order Nielsen, Green Planet, CB and those in concert or participation with them not to "(j) Use, retain, distribute, pass on, or keep from Franko Maps Ltd. any trade secrets, computer software, computer files, or other property of Franko Maps Ltd;: -- Nielsen had FM trade secrets, software and files because he kept FM's laptop computer when he was terminated from FM.  Therefore, the Green Planet and Hermon/Bear Valley Bikes' Big Bear maps were wrongful for the additional reason that they were obviously made using the FM trade secrets, software and files Nielsen retained.

37.     As a result of the wrongful activity of Nielsen, Hermon, and Bear Valley Bikes Speed-Evolution, FM has suffered and stands to suffer significant

monetary damages. These damages include, but are not limited to, the loss of profits from business lost to their infringing products and FM's loss of goodwill, trust and reputation in the relevant business community.

38.     On information and belief, Frank Nielsen's activities regarding The Definitive Big Bear Trail Map occurred after his settlement, and so breached and violated the abovementioned settlement agreement and Consent Judgment and Permanent Injunction.

39.     As to all of the Defendants regarding all of the various infringing products referred to above, Defendants' above actions caused damage to Plaintiff, and Defendants' intentional, willful, and unjustified actions entitle Plaintiff to punitive and treble damages.

40.     Defendants' above actions and inactions violate Hawaii's unfair and deceptive trade practice and unfair competition laws (e.g., Haw. Rev. Stat. § 480-2 entitling Plaintiff to mandatory treble damages, and attorneys' fees and deceptive trade practices under Haw. Rev. Stat. §481A-3(a) including passing off goods as those of another and causing likelihood of confusion as to source, affiliation, sponsorship, etc.) as well as corresponding common law; breach of contract; fraud; negligence; intentional and negligent misrepresentation.

COUNT I
Defendants' Infringement of FM's Copyrights

41.     Plaintiff realleges and incorporates by reference the above allegations.

ImanageDB:3337529.3

42.     Defendants have copied (including prepared derivative works based upon) FM's copyrighted designs (including but not limited to those referenced herein and in the exhibits), and/or sold, displayed, offered, and/or distributed copies of (including derivative works based upon) FM's copyrighted designs (including but not limited to those referenced herein and in the exhibits) to others, or induced, assisted, directed, or conspired in, or been vicariously or secondarily liable for such actions.  Defendants have displayed, offered, sold and/or distributed maps, cards, guides, and similar products using designs that are substantially similar to FM's copyrighted designs, or induced, assisted, directed, or conspired in, or been vicariously or secondarily liable for such actions.

43.     By reason of the foregoing, Defendants' conduct has infringed on FM's copyright rights in the copyrighted designs, or constituted inducement, assisting, directing, conspiring in, or being secondarily liable for such infringement.

44.     Defendants' acts, as hereinabove alleged, are direct or indirect infringements of FM's copyright rights in the copyrighted designs and constitute willful acts of infringement.

45.     Defendants have continued to infringe FM's copyrighted designs and unless enjoined by order of this Court, will continue to infringe said copyrights, all to FM's irreparable injury.  FM is without an adequate remedy at law.  FM is

entitled to injunctive relief restraining Defendants and all persons acting in concert with them, from engaging in further acts of copyright infringement.

46.   By reason of Defendants' aforesaid infringement of the copyrighted designs, FM has sustained and will continue to sustain substantial damages.

47.   FM is further entitled to recover from Defendants the damages sustained by FM as a result of Defendants' acts of copyright infringement as herein alleged.  FM is at present unable to ascertain the full extent of the monetary damages suffered by reason of Defendants' aforesaid acts of copyright infringement.

48.   FM is further entitled to recover from Defendants the profits Defendants has obtained as a result of their acts of copyright infringement.

49.   FM is alternatively entitled to recover from Defendants statutory damages in an amount up to $150,000.00 per copyrighted design that has been infringed upon.

COUNT II

Unfair Methods of Competition under Haw. Rev. Stat. §480-2

50.   Plaintiff realleges and incorporates by reference the above allegations.

51.   The above actions by Defendants constitute unfair methods of competition under Haw. Rev. Stat. §480-2.  Plaintiff and Defendants are competitors regarding the above products and Defendants' misconduct has affected competition in the California, Hawaii, and in U.S. commerce, as well as elsewhere.

ImanageDB:3337529.3

Defendants have caused and, unless enjoined by this court, will continue to cause irreparable harm to Plaintiff's goodwill and business reputation and harm to the value of Plaintiff's business by such unfair methods of competition.  Plaintiff is entitled to mandatory treble damages and attorneys' fees, and is also entitled to injunctive relief because damages do not provide an adequate remedy at law, and other forms of relief.

COUNT III
Unfair and Deceptive Trade Practices in Violation of Haw. Rev. Stat. §481A-3

52.    Plaintiff realleges and incorporates by reference the above allegations.

53.    The above actions by Defendants violate the Hawaii Uniform Unfair and Deceptive Trade Practices Act, Haw. Rev. Stat. §481A-3 because the conduct of Defendants (a) causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services, (b) causes a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another, and (c) creates other likelihood of confusion or misunderstanding.  Defendant has caused and, unless enjoined by this court, will continue to cause irreparable harm to Plaintiff, including but not limited to Plaintiff's goodwill and business reputation Plaintiffs are entitled to damages, Defendants' profits, treble damages, and attorneys' fees, and are also entitled to injunctive relief because damages do not provide an adequate remedy at law, and other forms of relief.

ImanageDB:3337529.3

COUNT IV
Common Law Unfair Competition, Palming Off,
Trade Name and Trademark Infringement

54.     Plaintiff realleges and incorporates by reference the above allegations.

55.     Defendant Lattman's unauthorized use of FM's Marks is likely to
cause confusion, or to cause mistake, or to deceive as to the affiliation, connection,
or association of Defendant Lattman with FM, or as to the origin, sponsorship, or
approval of Defendant Lattman's goods, services, or commercial activities by FM.

56.     Said acts have been committed by Defendant with knowledge that
such imitation is intended to be used to cause confusion, or to cause mistake, or to
deceive, and/or with knowledge that confusion, mistake, or deception will likely
result and has resulted as to whether FM is the source, sponsor, operator, or
licensor of Defendant Lattman's goods or business, or as to whether FM has
approved of, or is connected or affiliated with, Defendant or its goods or business.

57.     Defendant Lattman's actions have led customers and consumers to
believe that Lattman's business or products are connected with, sponsored by,
approved by, or affiliated with FM when in fact there is no connection between
Lattman on the one hand and FM or its distributors/partners on the other.

58.     The above actions by Lattman regarding the use of the name Famous
Franko which is similar to FM's Marks constitute palming off of Lattman's goods
as FM's.  Such actions constitute unfair competition under Hawaii common law

and direct, contributory, secondary liability for, vicarious, or conspiracy to commit

trademark infringement under Hawaii common law.  Defendant Lattman has

caused and, unless enjoined, will continue to cause irreparable harm to Plaintiff,

including but not limited to injury to Plaintiff's goodwill and business reputation.

Plaintiff is entitled to injunctive relief because damages alone do not provide an

adequate remedy and other forms of relief.  Said trademark infringement was

willful.

COUNT V
Trademark Infringement and Counterfeiting
under 15 U.S.C. § 1114

59.     Plaintiff realleges and incorporates by reference the above allegations.

60.     Defendant Lattman's unauthorized use of FM's Mark constituts

infringement or inducement to infringe or vicarious infringement or contributory

infringement of a registered trademark under 15 U.S.C. § 1114.

61.     Defendant's actions and conduct constitute counterfeiting of a

registered trademark under 15 U.S.C. § 1116(d).

62.     Defendant's activities constitute use in commerce of a colorable

imitation and/or counterfeit of FM's trademark which is likely to cause confusion

or to cause mistake or to deceive.

63.     Defendant's actions and conduct have caused, and, unless restrained

and enjoined by this Court, will cause irreparable harm to FM, including but not

ImanageDB:3337529.3

limited to injury to goodwill and business reputation.  Defendant's actions and

conduct have caused damage to FM and entitle FM to damages, statutory damages

of up to $1,000,000 pursuant to 15 U.S.C. § 1117(c), and treble damages and

attorneys' fees pursuant to 15 U.S.C. § 1117(b).

## COUNT VI
### Breach of Contract

64.    Plaintiff realleges and incorporates by reference the above allegations.

65.    Nielsen's and Green Planet's actions are breaches of the settlement

agreement, which caused FM damage.

## COUNT VII
### Violation of Injunction

66.    Plaintiff realleges and incorporates by reference the above allegations.

67.    Frank Nielsen's, Green Planet's, Cynthia Nielsen's, Lattman's,

Hermon's, and Bear Valley Bikes' wrongful actions constitute violations of the

injunction in the Consent Judgment and Permanent Injunction.

## COUNT VIII
### False Advertising and Misrepresentation Under the Lanham Act and Common Law, and Defamation

68.    Plaintiff realleges and incorporates by reference the above allegations.

69.    Hermon's, Bear Valley Bikes Speed-Evolution, Inc.'s, Nielsen's and

Green Planet's false claim of Hermon's and Bear Valley Bikes Speed-Evolution,

Inc.'s copyright ownership and false use of Green Planet's ISBN prefix are false

advertising and misrepresentation under the Lanham Act and common law, which

- 25 -

caused FM damage. Furthermore, Lattman's, Frank Nielsen's, and Green Planet's false claims on the H20 to Go map that "Dean Lattman H20 to Go" owns the copyright to that map and "Fabulous Maps of the California Delta Since 2002. Compiled by H20 Maps to Go" and false use of Green Planet's ISBN prefix are false advertising and misrepresentation under the Lanham Act and common law, which caused FM damage. Lattman has represented that FM is a fraud and does not own the copyrights to the maps, and that Lattman is "the real Franko", which is misrepresentation and defamation.

WHEREFORE, Plaintiff prays for judgment as follows:

a.     That the Court award Plaintiff its reasonable attorneys' fees and costs incurred in connection with this matter; and prejudgment interest; and

b.     That the Court enter an award in favor of Plaintiff and against Defendants for appropriate monetary damages, including but not limited to damages suffered by FM due to Defendant's unauthorized possession and/or use of or infringement of FM's intellectual property; statutory damages in an amount up to $150,000.00 per copyrighted design that has been infringed upon, FM's damages arising from Defendants' infringement of FM's intellectual property under federal, state, and/or common law; and statutory damages arising under Title 15 of the USC for Lattman's use of counterfeit reproductions and/or infringements of FM's Mark, and other damages as alleged in earlier sections of this complaint;

ImanageDB:3337529.3

c.     That the Court enter an award in favor of FM and against Defendants for the disgorgement of Defendants' profits derived from Defendants' infringement of FM's intellectual property under federal, state and common law;

d.     That the Court enter an award in favor of FM and against Defendants, finding that Defendant's violations of federal, state and common law were willful, and modify any and all damages awarded to FM accordingly;

e.     That the Court enter an award ordering that Defendants be temporarily and permanently enjoined from further reproduction, distribution, display, sale and/or other use of the FM products and FM's trademark and copyrighted designs and other property of FM and from the creation of any and all derivative works based upon the FM products and FM's copyrighted designs and trademark, and requiring Defendants to recall any and all print or internet advertising and messages promoting or offering or displaying the infringing items;

f.     That the Court enter an award ordering Defendants to disclose with particularity any and all derivative works created, displayed, offered or sold by Defendants based upon the FM products and FM's copyrighted designs or trademark, or any parts thereof, and the disposition of said derivative works;

g.     That the Court enter an award ordering Defendants, Defendant's agents, subsidiaries, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, or under Defendants, to immediately cease and desist

ImanageDB:3337529.3

and be enjoined from further use, sale, copy, transmittal, display, performance, and creation of derivative works of the FM products and FM's copyrighted designs and trademark and the infringing products, and to immediately deliver all copies of the FM products and the infringing products in Defendants' possession or control to FM, and retrieve such materials back from Defendants' distributors to the extent reasonably possible and deliver them to FM;

h.     That the Court enter an award ordering Defendants, Defendant's agents, subsidiaries, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, or under Defendants, to immediately cease and desist and be enjoined from further use of counterfeit reproductions of FM's Mark and other marks that infringe upon FM's trademark rights, and to immediately deliver all materials bearing the same, in Defendants' possession or control, to FM, and retrieve such materials back from Defendants' distributors to the extent reasonably possible and deliver them to FM;

i.     That the Court enter an award ordering Defendants to immediately cease and desist and be enjoined from further breaching or violating the settlement agreement and/or Consent Judgment and Permanent Injunction;

j.     That the Court award Plaintiff punitive damages in an amount sufficient to punish Defendants for intentional, willful and wanton conduct, and improper conspiracy activities;

k.     That Defendants be ordered to send written notice to each person or entity who has received from Defendants, or their respective agents, representatives, employees or servants, any products that infringe any of FM's Mark or copyrights (and inform Plaintiff of the identities and contact information for each, and what each received), said notice to:  (a) request each such recipient to return all such items to Defendant; and (b) advise each such recipient that each such item is in violation of FM's rights to the FM Mark and FM's copyrighted designs.

l.     That Defendants be required to deliver for impoundment all sales and customer journals, catalogs, notebooks, bank records, documents, display racks with FM markings, plastic display bags with FM markings, and recordings of any type whatsoever concerning the same and also a complete list of entities from whom Defendants purchased, and to whom Defendants distributed and/or sold products falsely bearing an FM Mark and/or any of FM's copyrighted designs, or any reproduction, counterfeit, copy, or colorable imitation of said mark or designs.

m.     That Defendants be required to deliver for impoundment during the pendency of this action and thereafter to destroy any and all goods, catalogs, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional and other material in the possession of Defendants

ImanageDB:3337529.3

or under Defendants' control falsely bearing any of FM's Marks or any reproduction, counterfeit, copy, or colorable imitation of any said mark.

      n.      That Defendants be required to deliver for impoundment during the pendency of this action and thereafter to destroy any and all reproductions, counterfeits, copies, or colorable imitations of (including derivative works based upon) any of FM's copyrighted designs.

      o.      That Frank Nielsen and his affiliates, including Cynthia Nielsen, Lattman, and Hermon and their companies, return or turn over to FM all computer and other files and software, and equipment used to infringe, and not destroy or locking any part of them or otherwise manipulate them before turning them over to FM, and that Nielsen return intact to FM the FM computer, the FM software, and the FM designs and design-related information, software and programs.

      p.      That the Court award Plaintiff any and all other relief, both legal and equitable, that the Court deems just and proper in the circumstances.

      DATED:  Honolulu, Hawaii, November 7, 2016.

                      CADES SCHUTTE LLP


                      /s/ Milton M. Yasunaga
                      MILTON M. YASUNAGA
                      Attorneys for Plaintiff

ImanageDB:3337529.3